```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division

BILLY A. WALKER,               )
                               )
     Petitioner,               )
                               )
          v.                   )    Criminal Action No. 04cr415
                               )
UNITED STATES OF AMERICA,      )
                               )
     Respondent.               )
```

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Petitioner's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, this Motion will be granted.

### **I. Background**

On November 18, 2004, Petitioner Billy A. Walker entered a plea of guilty to conspiracy to distribute fifty grams or more of a mixture and substance containing crack cocaine, in violation of 21 U.S.C. § 846. Following the completion of a Presentence Investigation Report ("PSR"), the Court assessed Mr. Walker's guideline range at 292-365 months. On January 28, 2005, the Court sentenced Mr. Walker to 245 months of incarceration, a 16% reduction, exercising its discretion under 18 U.S.C. § 3553 and *United States v. Booker*, 543 U.S. 220 (2005).

On March 20, 2008, Mr. Walker filed a Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2). This Motion is

1

currently before the Court.

## II. Analysis

The United States Sentencing Commission lowered the offense levels for crack cocaine quantities, U.S.S.G. App. C amend 711, and made the amendment retroactive as of March 3, 2008. The guidelines direct that the Court,

> [i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, [] shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced.

U.S.S.G. §1B1.10(b)(1).  The new guideline range for Petitioner would be 235-293 months.  Defendant argues that he is eligible to have his sentence reduced to an amount 16% below the new range. The Government disagrees, arguing that an exception in the guidelines applies to Petitioner such that he should not receive a reduction.

In general, "a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate" in a case where "the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing."  U.S.S.G. §1B1.10(b)(2)(B).  However, under the exception, "if the original term of imprisonment

constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate." *Id.* Because Petitioner already received a reduction in sentencing from the guideline range and Petitioner's term of imprisonment is within the low end of the new guideline range, the Government argues that it was a non-guideline sentence and a further reduction is unwarranted.

The Sentencing Commission clarified the meaning of the exception, "explain[ing] that §1B1.10(b)(2)(B) applies only if the original sentencing judge did not consider the guidelines at all." Office of Defender Services, THE CRACK COCAINE AMENDMENTS TO THE FEDERAL SENTENCING GUIDELINES: Commission Clarifies Meaning of USSG §1B1.10(b)(2)(B): Clients Who Received Non-Guideline Sentence Under Booker Still Eligible for Crack Retroactivity Sentence Reduction, http://www.fd.org/odstb_CrackCocaine.htm.[1]

---

[1] In remarks given at the Crack Amendment Retroactivity Summit in St. Louis, Missouri, one member clarified that the Commission is not

> saying that if the court just varied from the guidelines without using a traditional departure, that a court then cannot give a further reduction. [Instead, w]e're just saying that in certain circumstances, particularly if [the initial reduction is] pursuant to *Booker*, [a court] may want to take a closer look at how they ultimately came to that sentence. And [if the situation is one where] . . . the guidelines consideration was not ultimately considered in the first place, besides the fact that you figured out what the guidelines range in the beginning, a further reduction may not be warranted in that situation.

3

In this case, the Court considered the guideline range and chose to vary from the low end of the guidelines due to the personal circumstances of the defendant.  Therefore, it finds that "a reduction comparably less than the amended guideline range" is appropriate in this case, and will depart 16% from the new guideline range to impose a new sentence of 197 moths. U.S.S.G. §1B1.10(b)(2)(B).

### III. Conclusion

For the foregoing reasons, Petitioner's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) will be granted, and his sentence reduced to 197 months.

An appropriate Order will issue.

July 31, 2008                                         /s/
Alexandria, Virginia                        James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE

---

Allan Dorhoffer, U.S. Sentencing Commission, (Jan. 24, 2008), http://www.fd.org/pdf_lib/Transcript%20of%201B1.10b2B%20Excerpt%20of%20Crack%20Retroactivity%20Summit.pdf.